**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECCA I. MORGAN,

　　　　　　Plaintiff-Appellant,

　v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,**

　　　　　　Defendant-Appellee.

No. 12-35107

D.C. No. 2:11-cv-00422-JLR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted June 4, 2013
Seattle, Washington

Before: MCKEOWN and IKUTA, Circuit Judges, and CARNEY, District Judge.***

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　**　Carolyn W. Colvin is substituted for her predecessor as Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

　　***　The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Rebecca Morgan appeals the district court's order affirming the Commissioner of the Social Security Administration's ("the Commissioner") denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo. *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). The scope of our review of the Commissioner's denial of disability benefits is limited. "We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). However, even if the administrative law judge ("ALJ") committed a legal error, we will not reverse "for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Morgan contends that the ALJ erred by improperly according "substantial weight" to the opinion of a non-physician single decision maker ("SDM"), discounting the opinions of her treating physicians, considering symptoms unrelated to fibromyalgia, and finding that she could still perform past relevant work as a general office clerk and other jobs that exist in significant numbers in the national economy, including housekeeper, mail clerk, and small products assembler. We reverse and remand for further proceedings.

The ALJ erred in according substantial weight to the opinion of Wayne S. Rhodes, a non-physician SDM, in determining Morgan's residual functional capacity. An ALJ may not accord any weight, let alone substantial weight, to the opinion of a non-physician SDM. *See* Program Operations Manual System DI 24510.050 ("SDM-completed forms are not opinion evidence at the appeal levels.").[1] The ALJ mistakenly believed that Mr. Rhodes was a physician, and made four references to him as "Wayne S. Rhodes, M.D." or "Dr. Rhodes" in her written decision.

The ALJ's error was not harmless because the ALJ's reliance on Mr. Rhodes' opinion was consequential to the ultimate nondisability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). Indeed, the ALJ herself stated that she gave the opinion "substantial weight." Furthermore, central to the ALJ's ultimate nondisability determination was the finding that Morgan had the residual functional capacity to perform work at a light level. Without such a finding, the ALJ could not have determined at later steps in the sequential evaluation process that Morgan was capable of performing past relevant work and other jobs that exist in significant numbers in the national economy. Mr. Rhodes'

---

[1] "The [Program Operations Manual System] does not have the force of law, but it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).

opinion was the only "medical" opinion to find that Morgan was physically capable of performing work at a light level. No other physician, treating or otherwise, directly opined that Morgan was physically able to perform light work. Mr. Rhodes' opinion was also the only "medical" opinion to directly controvert Morgan's self-reported physical limitations. In contrast, Morgan's treating physicians, Dr. Ihle and Dr. Olson, described her reported limitations as reasonable.

The fact that Mr. Rhodes' opinion was affirmed by Robert Hoskins, M.D., does not render the ALJ's error harmless. A reviewing court must limit itself to the evidence actually mentioned or relied on by the ALJ, not evidence that the ALJ could have relied on to support her decision. *See Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). The dissent is correct that the ALJ was required to consider Dr. Hoskins' opinion. On remand she should do so. We cannot know now whether the ALJ would give the same "substantial weight" to a physician's opinion summarily affirming a non-physician's opinion as she gave to what she mistakenly believed to be a physician's opinion.

4

An ALJ must evaluate a physician's explanations for his opinion, and the weight given to an opinion depends on the strength of such explanations. *See* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion."). This is particularly true for the opinions of nonexamining physicians, like Dr. Hoskins. *See id*. ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions."). Dr. Hoskins' entire opinion consists of one sentence: "This is to affirm that I have noted the data in this file and the assessment of 9/29/05 is affirmed as written." The ALJ may very well decide to give less than substantial weight to such a cursory opinion.

Because the ALJ erred in according substantial weight to a non-physician SDM's opinion, we need not consider Morgan's remaining grounds for appeal. However, we note that on remand, the ALJ should consider her decision in light of *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004), and *Vertigan v. Halter*, 260 F.3d 1044 (9th Cir. 2001).

**REVERSED AND REMANDED**.

*Morgan v. Astrue*, No. 12-35107

IKUTA, Circuit Judge, dissenting:

The ALJ accorded substantial weight to the report of Wayne S. Rhodes, but mistakenly referred to Rhodes as a physician. In deciding whether this mistake was harmless, we must "'apply the same kind of harmless-error rule that courts ordinarily apply in civil cases.'" *Molina v. Astrue*, 674 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009)). Thus, an ALJ's errors are harmless "if they are inconsequential to the ultimate nondisability determination." *Id.* at 1121 (internal quotation marks omitted). Here, the ALJ's mistake in referring to Rhodes as a physician was inconsequential because Rhodes's report was affirmed "as written" by a physician, Dr. Robert Hoskins, who reviewed the same information as Rhodes did.

Because Dr. Hoskins affirmed the Rhodes report "as written" the report served as Dr. Hoskins's opinion and findings. Accordingly, the ALJ was *required* to consider the report. 20 C.F.R. § 404.1527(e)(2)(i) ("[A]dministrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . ."). Although the ALJ mistakenly attributed the report's opinions and findings to a "Dr. Rhodes," nothing in the record suggests that the ALJ would have given any less weight to the identical opinions and

findings of Dr. Hoskins regarding the same medical evidence.

The majority asserts that internal agency guidance prohibited the ALJ from considering the report of a Single Decision Maker like Rhodes. Maj. Op. at 3. But that guidance is not relevant here, because the findings and opinions in this case were affirmed and adopted by a physician, and thus constitute medical source evidence that the ALJ was required to consider. *See* § 404.1527(e)(2)(i). Moreover, internal agency guidance is not binding on this court or on ALJs. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072–73 (9th Cir. 2010).

Because the ALJ's error was inconsequential to the ultimate nondisability determination, I respectfully dissent.